Thomas, Justice, delivered the opinion of the court: This was a suit brought by the defendant in error against the plaintiffs in error, on the bond of Richard J. Hamilton, one of the said plaintiffs in error, as school commissioner of Cook county, for an alleged failure to pay over to William L. Church, his successor in office, certain moneys which came to his hands, as such 'school commissioner, belonging to the school fund of the said county of Cook. The defendants pleaded payment by the said Richard J. Hamilton, as school commissioner, etc., as aforesaid, to William L. Church, his successor in office, on the 21st of September, 1841,-of all the moneys received by him as such school commissioner, except the sum of $333.28, in notes of the State Bank of Illinois and its branches, and a tender of the said balance, and the interest therepn, in the notes of the said.State Bank of Illinois and its branches, by the said Richard J. Hamilton, to the said William L. Church, on the 5th September, 1842. This plea remained wholly unanswered, and at the term of August, 1843, of the Cook county circuit court, the cause was submitted to be tried by the court, without the intervention of a jury, on the following agreement of facts, viz.: “It is hereby mutually agreed between the parties to this suit, by their respective attorneys, that the pleadings in this cause be submitted to the judgment of the court, upon the following facts as admitted : “1. It is admitted that this suit was instituted on the 5th day of August, A. d. 1842. “ 2. That a tender was made to the said plaintiff by the said defendants, on the 5th day of September, A. D. 1842, of the sum of $357, in the bills of the Bank of the State of Illinois, and that on that day there was due from the said, defendants, to the said plaintiff, for their use, etc., the sum of $351, including interest up to that date. “ 3. That the proclamation issued by the executive authorities of this state, directing that the bills of the State Bank of Illi- ['*' 523] nois and its branches should not be received in payment of school, college, and seminary debts and interest, did not take effect until the 12th day of September, A. D. 1842 : and that if it shall be the opinion of the court that a tender in the bills of the State Bank of Illinois, for the purposes aforesaid, was sufficient in law, the judgment of the court shall be special, for the amount of $357, and the interest thereon, from the time of the tender, if the court shall judge the defendants to pay interest thereon. And that if it shall be deemed insufficient, the judgment shall be, as in other cases, for the amount of money due to the said plaintiff for the use, etc., with or without interest, which has accrued since the date of the said tender, as the court shall think proper.” Upon this agreement the court found “the issue upon the plea of tender against the defendants, for the reason that it was not shown that the notes and bills tendered were received by the said Hamilton, as such school commissioner, and that he can only discharge himself, by a tender of the identical money received by him in the discharge of his official duty, and found for the plaintiff the sum of $377.” The defendants thereupon moved for a new trial, on the following grounds, viz: “ 1. That the verdict of the court in this case is against the evidence. “ 2. That the verdict of the court is against the law of the case. “ 3. That the verdict of the court is contrary to the law and evidence in the case.” The said motion was overruled, and judgment was rendered by the court, on its aforesaid finding. The defendants excepted, and bring this case up by writ of error, for the reversal of that judgment. The errors assigned, are: *‘l. The tender made by the said Hamilton, for the payment of the debt sued for, in the bills of the Bank of the State of Illinois was good and sufficient, and the court erred in disallowing the same. “2. The judgment given by the court, upon the evidence submitted, was against the law and evidence. “ The court erred in refusing to grant the motion for a new trial. “ 4. The court erred in not rendering such a judgment in the cause as would have compelled the plaintiff below to accept the said bank bills, tendered in payment of the same. “5. There is no allegation in the declaration that the money sued for came to the hands of the said Hamilton, after the execution of the said bond or writing obligatory, in the said declaration mentioned.” The first four errors assigned present but one question, viz: whether the school commissioner (Hamilton) was [* 524] legally entitled to pay and discharge the debt due by him to the school fund of Cook county, for the balance remaining in his hands, as ex-school commissioner of said county, in bills of the State Bank of Illinois, on the statement of facts agreed to by the parties? The solution of this question will dispose of this case. If he could thus have paid that debt, it must have been either because it was a school, college, or seminary debt within the meaning of the law entitled “An act concerning the payment of the revenue, and for other purposes,” approved January 16, 1836 (Laws of 1836, 244; Gale’s Stat. 580), or for the reason that being authorized by law to receive such funds for the benefit of the school fund, he had done so, and therefore should, have been allowed to pay them over to his successor. From the fact that reference is made in the agreed case, to the proclamation issued by the governor and other officers of the state, prohibiting the reception of such funds in payment of debts due the school fund, for the purpose of showing that the said tender was made before the said proclamation took effect, it would seem that the first mentioned ground was the one relied on by the defendants below. Then was the liability of Hamilton to pay over to his sueces-sor in office, the balance in his hands belonging to the school fund, a debt which might lawfully be discharged, by the payment of state bank paper, without reference to the character of the funds received by the said commissioner? We think not. The money in the hands of the commissioner was the property of the county, to be used for school purposes, and it was his duty, on going out of office, to deliver it over specifically, or in funds of equivalent value, to his successor in office. A different doctrine would operate most powerfully to diminish that fund, which the best interests of community require to be husbanded with the greatest possible care. A school commissioner, having in his hands current money belonging to, the school fund of which he is guardian, might thus be permitted to retain such money, and to substitute for it depreciated funds. That important and undisputed principle, that the fiscal agent, whether of a government, a corporation, or an individual, should be held to the strictest accountability, and should never be permitted, at the expense of his principal, to speculate in the funds of that principal in his hands for management, would thereby be violated. Such a doctrine, therefore, would be as incorrect in law, as unsound in morals. - This case, then, does not come within the decision of this court in the cases of Bush v. Shipman et al. ante 186; and Keyes et al. v. Jasper et al. ante 305, decided at the present term. The other ground, however, would have been sufficient to warrant the tender in question, if in point of fact, it had been sustained by evidence. It is undoubtedly true that, while [*525] an agent is not legally authorized, on the one hand, to speculate in the funds of his principal, he will not, on the other, be compelled by law to suffer any loss by reason of the faithful discharge of the duties devolving on him in his fiduciary capacity. Any loss growing out of the use by him of the fundg of his principal, in pursuance of his authority as agent, must fall, not on him, but on his principal. It consequently follows that as the school commissioner Hamilton was required by law to receive state bank paper for debts due the school fund of Cook county, he might lawfully have paid and discharged the balance in his hands, as such school commissioner, in such funds, if they had been received by him, for such debts, unless by reason of his neglecting or refusing to pay them over to his successor in office, or otherwise to disburse them, when required by law to do so, they had depreciated in his hands. The money when received by the commissioner, and so long as it was legally held by him as commissioner, belonged to the defendant in error, and consequently if depreciated when received, or before paid out, in pursuance of law, or required by law to be paid out by him, the latter would have to suffer the consequences of such depreciation. But if the money was of par value when received by the commissioner, and being retained by him after his authority over it, as commissioner, ceased, it subsequently depreciated, the loss would fall on him and not on the defendant in error, as 'such loss would be the result rather of a breach than of the performance of his official duties. He certainly could not, by neglecting or refusing to pay to his successor, the funds remaining in his hands, as commissioner, subsequently compel the owner of such funds to receive in discharge of his liability, either other money than that actually received by him as commissioner, or even the same money, if less valuable than when, in the faithful discharge of his duty, he should have parted with it. If he could do so he would thus, by taking advantage of his own wrong, place his employer in a worse condition than through the faithful performance of his duty that employer would have been made to occupy.. It was maintained by the counsel for the plaintiffs in error that it may fairly be presumed, from the fact that the school commissioner (Hamilton) was authorized by law to receive state bank paper in payment of debts due to the school fund of Cook county, that he did receive the balance in his hands in such funds. We think this view of the subject incorrect. On the contrary, from the character of the business that the school commissioner was engaged in transacting, that business having reference to the receipt and disbursement, not of depreciated but of current funds, the presumption is a legitimate one that the latter and not the former were received by such commissioner; if it had been otherwise he should, when called upon to account [*526] for the balance of such money in his hands, have pleaded and proved such a state of facts as would entitle him to pay it in depreciated funds. And, moreover, it would be unreasonable to remove the burthen of proving the character of funds received by the commissioner from his shoulders, by whom the a.ct was done, and place it on those of a party ignorant of all the facts in the case. The plea in this case, however, avers the balance in the hands of Hamilton to be in state bank paper, and is therefore to be considered as averring that he had, as commissioner,collected or received it in such paper, and that it was worth as much when tendered as when received, or when he ceased to be commissioner. The position of the counsel for the plaintiffs in error, that if the defendant had intended insisting that the money had come into Hamilton’s hands in gold or silver, or in better currency than that tendered, he should have made the question by replication to the plea of tender, and that no such question having thus been made the only matter in issue was as to the authority of Hamilton to receive state bank money as school commissioner, and the fact of the tender as pleaded was therefore a mistaken one. In-point of fact there was no issue in the case. The plea remained wholly unanswered, and the parties, by making an agreed case, after the plea was filed, virtually abandoned their pleadings, and submitted it to the court to determine, not whether the defendants’ plea was sustained by evidence, but whether under the facts agreed upon the plaintiff was authorized by law to recover of the defendants anything but the state bank paper tendered by the latter. That the court decided that proposition correctly we entertain no doubt. But, admit that the plaintiff had traversed the defendants’ plea (and so the parties and the court below seem to have treated the matter), then the question of the receipt by the commissioner of state bank money, and his right to pay the balance in his hands, as commissioner, in such funds at the time of the tender, was thereby made, and the onus probandi rested on the defendants. Their proof does not sustain the plea. The admission by the defendants below on the record shows an' indebtedness by them to the plaintiff on the 5th day of September, Á. d. 1842, of $357, not, as the plea alleges, in state bank paper, but (from the language used) in current money. To have made the tender in state baffle money pleaded by the defendants and admitted by the plaintiff to have been made on that day available to the defendants under their plea, there should have been evidence to show the said balance to have been received or collected by the school commissioner (Hamilton) in the paper tendered, when depreciated; or of some other state of facts, in conformity to the principles hereinbefore stated, entitling the defendants to [* 527] the right by law of discharging that balance in those funds; but no such proof is found in the facts agreed to. In this view of the case, then, the decision of the circuit court was neither against law nor evidence. The- fifth and, last error assigned cannot be maintained. An inspection of the record does not show the alleged defect in the declaration to exist; or at all events not so as to be reached otherwise than by special demurrer. It was, therefore, if it did exist, cured by verdict. The judgment is affirmed with costs. Judgment affirmed.